UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KATHLEEN M. ALLAN,<br><br>　　Plaintiff,<br><br>　　v.<br><br>VOICES AGAINST VIOLENCE, INC., ANGIE, IRMA, EMMIE, and MADISON,<br><br>　　Defendants. | Case No. 4:22-cv-00072-BLW<br><br>**ORDER GRANTING IFP APPLICATION AND DISMISSING COMPLAINT** |

## INTRODUCTION

Before the Court is Plaintiff Kathleen M. Allan's Application for Leave to Proceed In Forma Pauperis (IFP) (Dkt. 2). For the reasons explained below, the Court will grant the IFP application but dismiss the complaint without leave to amend.

## ANALYSIS

### 1. The IFP Application

Kathleen Allan, proceeding pro se, has conditionally filed a complaint against an entity known as "Voices Against Violence, Inc." and four individuals identified by first name only – Angie, Irma, Emmie, and Madison. *See Compl.,* Dkt. 2, at 3. Ms. Allan did not pay the $402 filing fee that is typically due when

filing a complaint in this District. Instead, she asks the Court to allow her to proceed *in forma pauperis.*

Plaintiffs who wish to pursue civil lawsuits in this District must pay a filing fee. *See* 28 U.S.C. § 1914(a). If plaintiffs wish to avoid that fee, they must submit an affidavit showing they are unable to pay. 28 U.S.C. § 1915(a). "An affidavit in support of an *in forma pauperis* application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

The Court has reviewed Ms. Allan's affidavit, and finds that it sufficiently state facts supporting her poverty. The Court will therefore grant her IFP application.

## 2. Screening Order

The Court will, however, conduct an initial review of Ms. Allan's complaint to determine whether summary dismissal is appropriate. Courts are permitted to conduct such a review of complaints filed *in forma pauperis,* and if the Court chooses to engage in such a review, the governing statute requires dismissal of the

complaint if it states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### A.  The Pleading Standard

During this initial review, courts construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs – represented or not – must articulate their claims clearly and allege facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

More generally, under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not

stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

### B.     Application

Ms. Allan has failed to state a claim upon which relief can be granted. The first problem is that there is no basis for this Court's subject-matter jurisdiction. Ms. Allan relies on the Eighth Amendment, alleging that the defendants placed her "in a room <u>alone</u> without proper medication for 3 months . . . ." and then turned her "out on the street w/no aid." Dkt. 2 at 4. But the Eighth Amendment prohibition against "cruel and unusual punishment" applies only to persons who have been found guilty of a crime. *See, e.g., United States v. Lovett,* 328 U.S. 303, 317-18 (1946) (quoted with approval in *Bell v. Wolfish,* 441 U.S. 520 536 n.16 (1979)). Here, Ms. Allan does not allege that she has been found guilty of any crime. So she cannot make out an Eighth Amendment claim.

Further, there does not appear to be any connection in this case to any government entity, federal or state, that required excessive bail, imposed an excessive fines, or inflicted cruel and unusual punishments upon the plaintiff. Nor does it appear that Plaintiff will be able to cure this deficiency if given leave to amend her complaint. The Court will therefore dismiss this complaint without leave to amend.

**ORDER**

**IT IS ORDERED that:**

1. Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 1) is **GRANTED**.

2. Plaintiff's Complaint (Dkt. 2) is **DISMISSED** without leave to amend.

DATED: March 3, 2022

B. Lynn Winmill
U.S. District Court Judge